# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

STEPHANIE GAISER,

    Plaintiff,

v.

AMERICA'S FLOOR SOURCE,

    Defendant.

Case No. 2:18-cv-1071
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## OPINION AND ORDER

Currently pending before the Court is Defendant America's Floor Source's, ("Defendant") Motion for Reconsideration of this Court's decision denying in part and granting in part summary judgment. (ECF No. 25). For the reasons stated herein, Defendant's Motion (ECF No. 25) is **DENIED**.

### I.

Federal Rule of Civil Procedure 59(e) permits a district court to correct its errors, "sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008). It is within the sound discretion of the district court whether to grant relief under Rule 59(e). *In re Ford Motor Co., Sec. Litig. Class Action*, 381 F.3d 563, 573 (6th Cir. 2004). A Rule 59(e) motion is rarely granted unless the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent a manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A party should not use a motion for reconsideration as a vehicle to re-hash old arguments that could have been argued previously. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

Defendant asks this Court to reconsider its decision denying Defendant's Motion for Summary Judgement on Plaintiff Stephanie Gaiser's ("Plaintiff") Family and Medical Leave Act ("FMLA") retaliation claim. Defendant contends reconsideration is necessary based on the "but for" standard applicable to Plaintiff's FMLA retaliation claim. The Court disagrees.

Defendant contends the Court "does not apply the 'but-for' standard to Plaintiff's FMLA retaliation claim." (Def.'s Mot. Reconsideration at 3, ECF No. 25.) As Defendant recognizes, however, the Court concluded "[t]he testimony does not clearly show whether the decision to terminate Plaintiff was made in August of 2017, or January or February of 2018." (Opinion and Order at 13, ECF No. 23.) Defendant argues that "the undisputed evidence provides that the recommendation to terminate Plaintiff was approved by [Defendant's] management in the strategy session." (Def.'s Mot. Reconsideration at 3.) Defendant argues this shows there is no genuine issue of material fact as to when the decision to terminate Plaintiff was set in motion.

The Court did not apply the but-for standard because it found disputed facts as to when the decision to terminate Plaintiff occurred. Defendant relies on Ms. Hoffer's testimony that the decision to terminate Plaintiff was made in August of 2017 and Mr. Henson approved of Plaintiff's termination in August of 2017. (*Id.* at 5.) As the Court previously explained, however, Mr. Oste's testimony, and Ms. Hoffer's additionally testimony, produce a genuine issue of fact as to whether any decision was actually made in August of 2017, or if Mr. Henson simply gave approval should the need to terminate Plaintiff come about in the future. (Opinion and Order at 11–12.) Thus, it is unclear whether the wheels were put in motion to terminate Plaintiff in August of 2017. Because the facts are disputed, the Court did not reach the point of applying the but-for test to determine whether the decision would not have been made but-for Plaintiff's use of FMLA leave. It will be up to the factfinder to decide the disputed facts, and then apply them to the appropriate test.

Defendant argues this case is like *Elbright v. City of Pickerington*, No. 2:16-cv-378, 2018 U.S. Dist. LEXIS 50766 (S.D. Ohio Mar. 17, 2018). In *Elbright*, this Court determined, based on the record, that there was "no genuine issue of material fact that the 'wheels of termination' were in motion prior to [the plaintiff's] request for FMLA leave." *Id.* at *19. The Court determined that based on the plaintiff's employment history and the plaintiff's testimony that she expected to be fired prior to her FMLA request, there was no genuine issue of material fact as to when the wheels were set in motion to terminate her employment. *Id.* at *17–19. Thus, in *Elbright*, the Court applied the undisputed facts to the but-for test and found no reasonable jury could find for the defendants. *Id.*

In contrast, here the Court can make no such determination as to when the wheels were put in motion for her termination. Thus, the fact that the Court did not use the words "but-for" or "wheels in motion" is irrelevant because the facts necessary to pass such a standard are disputed. If the Court had applied this standard the result would be the same, there would be a genuine issue of material fact and the Defendant's motion would be denied.

A Rule 59(e) Motion is not an avenue to rehash old arguments. Defendant has failed to demonstrate that: 1) the Court, as a matter of law, clearly erred; 2) there has been an intervening change in controlling law that would alter the Court's previous decision; or 3) reconsideration is warranted to prevent a manifest injustice.

### III.

As such, the Defendant's Motion for Reconsideration (ECF No. 25) is **DENIED**.

**IT IS SO ORDERED.**

3-13-2020
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE