UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

STEPHANIE GAISER,

        Plaintiff,

v.

AMERICA'S FLOOR SOURCE,

        Defendant.

Case No. 2:18-cv-1071
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Chelsey M. Vascura

## MOTION *IN LIMINE* ORDER

This matter is before the Court on Defendant's First Motion *in Limine*, (ECF No. 50, hereinafter "Def's Mot. I"), Defendant's Second Motion *in Limine* (ECF No. 51, hereinafter "Def's Mot. II"), Plaintiff's First Motion *in Limine* (ECF No. 54, hereinafter "Pl.'s Mot. I"), and Plaintiff's Second Motion *in Limine* (ECF No. 55, hereinafter "Pl.'s Mot. II"). The parties have filed responses to each of the motions (ECF Nos. 56, 57, 59, 60) and the motions are ripe for decision. For the following reasons, the Court **DENIES** Defendant's First Motion *in Limine* (ECF No. 50), **DENIES AS MOOT** Defendant's Second Motion *in Limine* (ECF No. 51), and **GRANTS** Plaintiff's First and Second Motions *in Limine* (ECF Nos. 54, 55).

**I.**

This matter arises out of Defendant America's Floor Source's (AFS) termination of Plaintiff Stephanie Gaiser on February 8, 2018. Ms. Gaiser claims AFS fired her in retaliation for her FMLA leave. AFS claims it decided to fire Ms. Gaiser before she took FMLA leave, and that it fired her because she did not learn the necessary skills to assume an installation manager position for which she was hired. (Gasier Dep. Ex. H; Hoffer Dep. 125:10–12; Oste Dep. 31:19–24.)

Plaintiff filed this suit on September 17, 2018 alleging FMLA retaliation and FMLA interference under 29 U.S.C. § 2617. (Compl., ECF No. 1.) On January 27, 2020, this Court granted summary judgment to Defendants on Plaintiff's FMLA interference claim and denied summary judgment on Plaintiffs FMLA retaliation claim. (*See* Op. & Order, ECF No. 23.) This case proceeds to trial on Plaintiff's FMLA retaliation claim.

## II.

Neither the Federal Rules of Evidence nor the Federal Rules of Civil Procedure explicitly authorize a court to rule on an evidentiary motion *in limine*. The United States Supreme Court has noted, however, that the practice of ruling on such motions "has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n. 4 (1984). The purpose of a motion *in limine* is to allow a court to rule on issues pertaining to evidence in advance of trial in order to avoid delay and ensure an evenhanded and expeditious trial. *See Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp.2d 844, 846 (N.D. Ohio 2004) (citing *Jonasson v. Lutheran Child & Family Servs.*, 115 F.3d 436, 440 (7th Cir.1997)). Notwithstanding this well-meaning purpose, courts are generally reluctant to grant broad exclusions of evidence *in limine*, because "a court is almost always better situated during the actual trial to assess the value and utility of evidence." *Koch v. Koch Indus., Inc.*, 2 F. Supp.2d 1385, 1388 (D. Kan. 1998); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975).

Evidentiary rulings are made subject to the district court's sound discretion. *Frye v. CSX Trans., Inc.*, 933 F.3d 591, 598 (6th Cir. 2019). To obtain the exclusion of evidence under such a motion, a party must prove that the evidence is clearly inadmissible on all potential grounds. *See Ind. Ins. Co.*, 326 F.Supp.2d at 846; *Koch,* 2 F.Supp.2d at 1388; *cf. Luce*, 469 U.S. at 41. "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that

questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Ind. Ins. Co.*, 326 F. Supp.2d at 846.

### III.

The Court examines the parties' motions *in limine* in the order they were filed. First, Defendant moves to exclude evidence of lost wages or benefits for Plaintiff arising after she allegedly ceased looking for employment. (Def.'s Mot. I.) Second, Defendant moves to exclude Plaintiff's Exhibits H and I—pictures of Plaintiff's leg in a cast. (Def.'s Mot. II.) Third, Plaintiff moves to exclude evidence of a lawsuit filed by Plaintiff's boyfriend in the Franklin County Court of Common Pleas. (Pl.'s Mot. I.) Fourth, Plaintiff moves to exclude evidence of her claim for unemployment benefits with the Ohio Department of Job and Family Services (ODJFS). (Pl.'s Mot. II.)

**A. Defendant's First Motion *in Limine* (ECF No. 50): Plaintiff's Lost Wages and Benefits After April 2019**

Defendant first moves to exclude any arguments or evidence for alleged lost wages or benefits arising after April 2019 because Plaintiff allegedly ceased looking for alternative employment at that time and therefore stopped her mitigation efforts. (Def.'s Mot. I at 3.) In support of its motion, Defendant points to Plaintiff's deposition testimony from May 2019: "So I have a second job that I started in April, which is REI. It's a retailer, so I work there part-time. So currently between the two I'm currently not looking for employment." (Gaiser Dep. at 13–14.)

Plaintiff responds that she did not stop looking for employment and mitigating her losses after April 2019 because she was speaking with her part-time employers about moving to a full-time managing position. (*Id.* 12:22–24, 14:1–3, 18:16–19; Pl.'s Resp. to Def.'s Mot. I at 1–2, ECF No. 59.) The record supports Plaintiff's contention that she did not stop her mitigation efforts after April 2019 because she worked part-time and sought full-time employment after April 2019. (*Id.*

3

at 18–19.) The Court therefore **DENIES** Defendant's First Motion to exclude evidence of lost wages or benefits after April 2019.

### B. Defendant's Second Motion *in Limine* (ECF No. 51): Plaintiff's Exhibits H, I

Defendant AFS moves to exclude Plaintiff's proposed Exhibits H and I and any arguments or evidence relating to the two exhibits. (Def.'s Mot II at 1.) Exhibits H and I are pictures of Plaintiff's leg in a cast after her surgery. (*See* Pl.'s Exhibit List, ECF No. 45.) Defendant argues that the photos should be excluded because they are offered to show the reason Plaintiff took FMLA leave, but the parties do not dispute that her FMLA leave was valid. Defendant argues that the photos are only offered to garner compassion with the jury and are therefore prejudicial to Defendant. (Def.'s Mot II at 3.)

Plaintiff responds that Exhibit H and I are unnecessary if her reason for taking FMLA leave is undisputed. Plaintiff agrees to not admit or display the exhibits at trial. (Pl.'s Resp. to Def.'s Mot. II at 1, ECF No. 60.) The Court therefore **DENIES AS MOOT** Defendant's motion (ECF No. 50) to exclude evidence of or arguments relating to Plaintiff's Exhibits H and I.

### C. Plaintiff's First Motion *in Limine* (ECF No. 54): Wasserman Lawsuit

Plaintiff moves to exclude any mention of the lawsuit, *Wasserman v. The Nash Group Inc. et. al.*, Case No. 17-CV-010532, which was filed by her boyfriend in the Franklin County Court of Common Pleas. (Pl.'s Mot. I at 1.) In that case, Plaintiff's boyfriend sued his former employer for breach of contract, age discrimination, and conversion. (*Id.* at 2.) Plaintiff argues that any evidence of the case irrelevant and prejudicial against Plaintiff because the case is unrelated and will only be used to improperly suggest that Plaintiff is litigious because of her association with someone else who filed a lawsuit. (*Id.*)

4

Defendant argues that this evidence is relevant because it "shows Plaintiff sought medical insurance with Defendant due to Wasserman's discharge at issue in the Wasserman Lawsuit." Plaintiff allegedly sought medical insurance through AFS at the same time she sought medical insurance coverage from her boyfriend's employer, The Nash Group. (*Id.* at 2.) Defendant also notes that "Plaintiff discussed the Wasserman Lawsuit with co-workers and management at AFS prior to her discharge" and "the timing of the Wassermann Lawsuit and Plaintiff's employment history with AFS is closely aligned." (Def.'s Resp. to Pl's Mot. I at 3, ECF No. 57.) For those reasons, and the fact that additional evidence at trial will show "how closely aligned the facts truly are between this lawsuit and the Wasserman Lawsuit," Defendant requests that the Court defer ruling on this motion until trial. (*Id.*)

The Court does not believe additional context is necessary to decide this issue. Based on the evidence in the record, the Wasserman Lawsuit is not relevant to whether Defendant retaliated against Plaintiff for taking FMLA leave; it is a separate and unrelated lawsuit. Defendant's arguments for relevance—that the lawsuit shows why Plaintiff sought medical insurance from Defendant, and that Plaintiff discussed the lawsuit with co-workers—do not make a material fact of consequence in this case more or less likely. *See* Fed. R. Evid. 401, 402. There is no issue of fact as to whether or why Plaintiff sought medical insurance from AFS, her employer. Furthermore, the simple fact that Plaintiff discussed the lawsuit with AFS coworkers does not make the subject relevant at trial. The Court therefore **GRANTS** Plaintiff's motion to exclude evidence or arguments concerning the *Wasserman v. The Nash Group Inc. et. al.* lawsuit, including Defendants' Trial Exhibit 27, absent an alternative basis for relevance.

D.  **Plaintiff's Second Motion *in Limine* (ECF No. 55): ODJFS Unemployment Benefits**

Plaintiff also moves to exclude any evidence of her claim or appeal for unemployment benefits with the Ohio Department of Job and Family Services (ODJFS). Because unemployment benefits are not considered by a jury in determining damages, Plaintiff argues that evidence of her claim or appeal for unemployment benefits is irrelevant to her FMLA retaliation claim and would prejudice the jury against her by influencing their decision on the amount of damages to which she is entitled. (Pl.'s Mot. II at 1, 4–5.)

Defendant claims it will not argue that unemployment benefits should be considered in determining Plaintiff's mitigation. (Def.'s Resp. to Pl.'s Mot. II at 4, ECF No. 56.) Instead, Defendants argue that Plaintiff put her unemployment claim at issue because Plaintiff's Exhibit M allegedly references the claim. (*See* Pl.'s Amended Exhibit List at 2, ECF No. 52.) Defendant argues that it should be allowed to explain Plaintiff's ODJFS claim for unemployment benefits because "the claim required Plaintiff to seek employment, [and] the jury will unfairly believe that Plaintiff continued her job search after March 2018 due to a desire to find alternative employment, not to continue receiving ODJFS benefits." (*Id.*) In other words, Defendant believes that if the jury hears evidence of Plaintiff's unemployment claim, it should be allowed to present evidence that Plaintiff only sought employment after she was fired from AFS because it was a requirement to receive unemployment benefits.

After Defendant filed its response to Plaintiff's Motion *in Limine*, Plaintiff filed a redacted copy of Exhibit M that does not contain references to her unemployment claim to address Defendant's concerns. Because Exhibit M's references to the unemployment claim are now redacted, and Court finds her unemployment claim and appeal are irrelevant to her FMLA retaliation claim and potentially prejudicial to the jury, the Court **GRANTS** Plaintiff's motion to

exclude evidence of her ODJFS unemployment benefits, claim, or appeal, absent an alternative basis for relevance.

### IV.

For the foregoing reasons, the Court, in accordance with this Opinion and Order, **DENIES** Defendant's First Motion *in Limine* (ECF No. 50), **DENIES AS MOOT** Defendant's Second Motion *in Limine* (ECF No. 51), and **GRANTS** Plaintiff's First and Second Motions *in Limine* (ECF Nos. 54, 55). As with all *in limine* decisions, this ruling is subject to modification should the facts or circumstances at trial differ from that which has been presented in the pre-trial motion and memoranda. The Court reminds the parties that the rulings made in this opinion bind the parties unless either party seeks and obtains a different holding from the Court should the course of the trial compel a reconsideration.

**IT IS SO ORDERED.**

**11/17/2021**                          **s/Edmund A. Sargus, Jr.**
**DATE**                               **EDMUND A. SARGUS, JR.**
                                        **UNITED STATES DISTRICT JUDGE**